USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BLACKHAWK DEVELOPMENT, LLC,

           Plaintiff,

    -against-

KRUSINSKI CONSTRUCTION COMPANY,

           Defendant.
------------------------------------------------------------------x
KRUSINSKI CONSTRUCTION COMPANY,

           Third-Party Plaintiff,

    -against-

BOYCE EXCAVATING CO., INC., ADVANCE
TESTING COMPANY, INC., CBRE, INC.,
McKESSON CORPORATION, SOLICITO & SON
CONTRACTING CORP., GREENWORLD
LANDSCAPE & IRRIGATION INC.,
RECLAMATION, LLC, THOMAS J. KEMPTON,
JR. INC. and LOIODICE EXCAVATION, INC.,

           Third-Party Defendants.
------------------------------------------------------------------x
BOYCE EXCAVATING CO., INC.,

           Fourth-Party Plaintiff,

    -against-

LOIODICE EXCAVATION, INC. and
RECLAMATION, LLC

           Fourth-Party Defendant.
------------------------------------------------------------------x

Civil Action No.
7:19-cv-05590-NSR-PED

**<u>NON-WAIVER AND
CONFIDENTIALITY
AGREEMENT</u>**

    WHEREAS, the parties and certain non-parties are expected to produce documents deemed discoverable under the Federal Rules of Civil Procedure that are responsive to each other

discovery requests and not privileged or otherwise exempted from discovery under applicable law;

WHEREAS, some of the documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" under applicable law ("Privileged Material") and not subject to discovery under applicable law.

WHEREAS, some of the produced documents in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery under the applicable law ("Work-Product Material");

WHEREAS, the parties acknowledge that, despite each party's best efforts to conduct thorough pre-production review of all material produced some Work Product Material and Privileged Material ("Protected Material") may be inadvertently disclosed to the other party during the course of this litigation;

WHEREAS, in the course of this litigation, it is expected that the parties will produce information that is of a confidential, private, personal, trade secret, or proprietary nature ("Sensitive Material");

WHEREAS the undersigned parties desire to establish a mechanism to (a) avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of the Protected Material; and (b) keep disclosed Protected Material and Sensitive Material confidential to the maximum extent possible;

IT IS HEREBY STIPULATED AND AGREED by the parties that this Agreement shall govern the disclosure of Protected Material and Sensitive Material in this action.

## NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

1. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject

matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

2. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue.

3. Any such Protected Material inadvertently disclosed by the producing party to the requesting party shall be and remain the property of the producing party.

## NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY VOLUNTARY DISCLOSURE

4. The parties in some instances may agree to waive otherwise arguably applicable privileges and protective doctrines. In such instances, the requesting party shall not argue that such voluntary and selective waiver constitutes a waiver with respect to any other or additional materials, including, but not limited to, materials in the same subject area as materials with respect to which defendants voluntarily waived an applicable privilege or protective doctrine.

## CONFIDENTIAL TREATMENT OF SENSITIVE MATERIAL

5. Any Protected Material or Sensitive Material disclosed in this litigation is to be considered confidential and proprietary to the producing party and the requesting party shall hold

the same in confidence and shall not use any disclosed Protected Material or Sensitive Material other than for the purposes of this litigation. The parties shall limit the disclosure of all Protected Material and Sensitive Material only to those Permitted Persons, as defined below. "Permitted Persons" are those persons with a need to know the information for purposes of supporting the non-producing party's position in this litigation, and include:

    a. the employees of such non-producing parties, to whom it is necessary that Protected Material and Sensitive Material be shown for purposes of this proceeding;

    b. Outside counsel and insurers for the parties, and employees of such counsel and insurers to whom it is necessary that Protected Material and Sensitive Material be shown for purposes of this proceeding;

    c. Inside counsel for each party and the employees of such attorneys to whom it is necessary that Protected Material and Sensitive Material be shown for purposes of this proceeding;

    d. Third Persons employed by any party or attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Protected Material and Sensitive Material be shown for purposes of assisting in such preparation.

The parties shall confer with each other before submitting any Protected Materials or Sensitive Materials with the court, and before disclosing Protected Materials or Sensitive Materials to third persons (not included in the "Permitted Persons" definition given above). If good faith negotiations fail, the dispute shall be submitted to the court for resolution by the party seeking to invoke the confidentiality and confidential nature of the Protected Materials or Sensitive materials and the ongoing application of this stipulated order to such materials.

    6. If Protected Material or Sensitive Material is disclosed through inadvertence or otherwise to any persons not authorized under this Agreement, the party causing such disclosure shall inform the person receiving the Protected Material or Sensitive Material that the

information is covered by this Agreement, make its best efforts to retrieve the Protected Material or Sensitive Material, and promptly inform the producing party of the disclosure.

7. The requesting party shall have no confidentiality obligations with respect to any information which:

    a. is already known to the requesting party without restriction;

    b. is or becomes publicly known otherwise than by the requesting party's breach of this Agreement;

    c. is received by the requesting party without restriction from a third-party who is not under an obligation of confidentiality;

    d. is independently developed by the requesting party;

    e. is approved for release by written authorization of the producing party, or

    f. is disclosed by the requesting party pursuant to judicial action, provided that producing party is notified at the time such action is initiated.

8. Any Protected Material or Sensitive Material disclosed by the producing party to the requesting party pursuant to this Agreement shall be and remain the property of the producing party. Upon the conclusion of this litigation (including any final appeals), any Protected Material or Sensitive Material received from another party shall be destroyed or returned to the producing party.

## GENERAL PROVISIONS

9. This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

10. This Agreement shall be binding on the parties hereto when signed.

11. Nothing herein shall prevent any party from applying to the court for a modification of this Agreement should the moving party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further

or additional protective Agreements; or from an Agreement between the parties to any modification of this Agreement, subject to the approval of the court.

12. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

Dated: New York New York
October 13, 2020

---

Michael J. Vardaro, Esq.
Zetlin & De Chiara LLP
801 Second Avenue
New York, NY 10017
(212) 300-1429
Email: mvardaro@zdlaw.com
*Attorneys for Plaintiff BLACKHAWK DEVELOPMENT, LLC and Third-Party Defendant MCKESSON CORPORATION*

---

Kenneth Kim, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street, Suite 2100
New York, NY 10005
(212) 232-1300
File No: 50027.4984
Email: Kenneth.Kim@lewisbrisbois.com
*Attorneys for Third Party Defendant ADVANCE TESTING COMPANY, INC.*

---

Michael R. L'Homme, Esq.
Litchfield Cavo LLP
420 Lexington Ave., Suite 2104
New York, NY 10170
Email: lhomme@litchfieldcavo.com
(212) 792-9777
*Attorneys for Defendant/ Third-Party Plaintiff Krusinski Construction Company*

---

John Lichtenstein, Esq.
Sheeley LLP
100 Wall Street, 19th Floor
New York, NY 10005
(646) 650-5952
*Email: lichtenstein@sheeleyllp.com*
*Attorneys for Third Party Defendant CBRE, Inc.*

---

Deborah Del Sordo, Esq.
Ahmuty Demers & McManus
199 Water Street, 16th Floor
New York, NY 10038
(646) 536-5740
File No: AMT11686N19DD
Email: deborah.delsordo@admlaw.com
*Attorneys for Third Party Defendant BOYCE EXCAVATING CO., INC.*

---

Haydn J. Brill, Esq.
Brill & Associates, PC
111 John Street, Suite 1070
New York, NY 10038
(212) 974-9101
Email: (hbrill@brillassociates.com)
*Attorneys for Third Party Defendant SOLICITO & SON CONTRACTING CORP.*

The DiPippo Law Group LLC
401 Franklin Avenue, Suite 318
Garden City, NY 11530
(516) 248-2326
Email: emercurio@thedipippolawgroup.com
*Attorneys for Third Party Defendant*
**GREENWORLD LANDSCAPE & IRRIGATION INC.**

Donald J. Hillmann, Esq.
Couch White, LLP
P.O. Box 22222
540 Broadway
Albany, NY  12201-2222
*Email*: dhillmann@couchwhite.com
Attorneys for Third-Party Defendant
**RECLAMATION, LLC**

Paul G. Ryan, Esq.
Welby, Brady & Greenblatt, LLP
11 Martine Avenue, 15th Floor
White Plains, New York   10606
Office: 914-428-2100 | Fax: 914.428-2172
Email: pryan@wbgllp.com
*Attorneys for Third Party Defendant*
**THOMAS J. KEMPTON**

Adopted as order of the Court.

SO ORDERED:

Hon. Paul E. Davison
United States Magistrate Judge

10-21-20

- 7 -